IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN VICTOR BERRY and DONNA DARLENE BERRY,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL.,<br><br>        Defendants.<br>_____ | CIVIL NO. 13-00704 LEK-RLP<br><br>AMENDED FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS BRIAN VICTOR BERRY AND DONNA DARLENE BERRY'S MOTION TO ENFORCE SETTLEMENT AGREEMENT |

AMENDED[1] FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS
BRIAN VICTOR BERRY AND DONNA DARLENE BERRY'S
MOTION TO ENFORCE SETTLEMENT AGREEMENT[2]

Before the Court is Plaintiffs Brian Victor Berry and Donna Darlene Berry's Motion to Enforce Settlement Agreement, filed on September 3, 2014 ("Motion"). ECF No. 22. The Court granted Plaintiffs' ex parte motion to shorten time on the hearing for the Motion. See ECF No. 25. Defendant Deutsche Bank National Trust Company ("Deutsche Bank") filed its Opposition to the Motion on September 11, 2014. ECF No. 27. Plaintiffs filed their Reply on September 18, 2014. ECF No. 30. A hearing on this matter was held on September 26, 2014 at 9:30 a.m. Ted N.

---

[1] This Findings and Recommendation is amended to correct the spelling of Plaintiff Donna Darlene Berry's name.

[2] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Pettit, Esq. and Dana R. Lyons, Esq. appeared on behalf of Plaintiffs, and J. Blaine Rogers, Esq. appeared on behalf of Deutsche Bank. After careful consideration of the Motion, the supporting and opposing memoranda, declarations and exhibits attached thereto, the arguments of counsel, and the record established in this action, the Court FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED.

BACKGROUND

This action arises as a result of an alleged title defect on the subject property owned by Plaintiffs. As a result of inconsistencies in documents filed by Deutsche Bank in the Land Court of the State of Hawaii ("Land Court"), the limited warranty deed transferring title of the subject property from Deutsche Bank to Plaintiffs was vacated by the Land Court. Plaintiffs filed this action on December 19, 2013. ECF No. 1. The final terms of a written confidential settlement agreement were agreed upon on April 29, 2014. ECF 27-1, Declaration of J. Blaine Rogers ("Rogers Decl.") ¶ 2. Plaintiffs provided an executed copy of the Settlement Agreement to Deutsche Bank on June 6, 2014. ECF No. 22-2, Declaration of Dana R. Lyons ("Lyons Decl.") ¶ 14. Deutsche Bank provided an executed copy of the Settlement Agreement to Plaintiffs on August 1, 2014, with an effective date of July 18, 2014. Lyons Decl. ¶¶ 20-21.

The key terms of the Settlement Agreement at issue in this Motion are Deutsche Bank's obligation to record a limited

2

warranty deed conveying the subject property from Deutsche Bank to Plaintiffs within five business days of the execution date of the Settlement Agreement and Deutsche Bank's obligation to pay any conveyance tax required for recordation of the limited warranty deed.  See ECF No. 32 at 3.  The Settlement Agreement also contains of "Time is of the Essence" provision.  Id. at 6.

Deutsche Bank provided a limited warranty deed to Plaintiffs on August 14, 2014, twenty-seven days after the Settlement Agreement was fully executed.  ECF No. 22-2, Lyons Decl., ¶ 22; ECF No. 27-10, Rogers Decl. Ex. 9.  However, the limited warranty deed provided on August 14, 2014, was not executed by Deutsche Bank but by Ocwen Loan Servicing, LLC ("Ocwen") as attorney-in-fact for Deutsche Bank.  Lyons Decl. ¶ 23; ECF No. 27-10, Rogers Decl. Ex. 9, at 4.  Deutsche Bank did not provide a power of attorney for Ocwen.  Id.  After Plaintiffs advised Deutsche Bank that a power of attorney was required for Ocwen's signature on the limited warranty deed, Deutsche Bank provided Plaintiffs with a power of attorney on August 25, 2014. ECF No. 27-11, Rogers Decl. Ex. 10; ECF No. 27-1, Rogers Decl., ¶ 14.  However, the power of attorney provided by Deutsche Bank on August 25, 2014, contained an error, one of the same errors that caused the title defect at issue in this case.  ECF No. 27-12, Rogers Decl. Ex. 11; ECF NO. 22-7, Lyons Decl. Ex. E. Plaintiffs' counsel notified Deutsche Bank's counsel of the error on August 25, 2014.  ECF No. 27-12, Rogers Decl. Ex. 11.

According to Deutsche Bank's Opposition to the present Motion, Deutsche Bank "continues to attempt" to locate an appropriate power of attorney for Ocwen. ECF No. 27 at 8; ECF No. 27-1, Rogers Decl., ¶ 16.

Additionally, Plaintiffs contend that Deutsche Bank also failed to correctly execute a State of Hawaii conveyance tax certificate. ECF No. 22-2, Lyons Decl. ¶ 22. Deutsche Bank provided a conveyance tax certificate on August 14, 2014; however, Plaintiff contends that the conveyance tax certificate did not contain original signatures, was not executed on yellow paper as required by the Department of Taxation of the State of Hawaii, and was signed by Ocwen without an accompanying power of attorney. Id.; ECF No. 30 at 12-13. At the hearing, counsel for Deutsche Bank conceded that the Settlement Agreement requires Deutsche Bank to pay the conveyance tax and execute the necessary documents.

In the present Motion, Plaintiffs ask the Court to issue an order (1) enforcing the terms of the Settlement Agreement by requiring Deutsche Bank to record a limited warranty deed by a date certain; (2) awarding Plaintiffs attorneys' fees and costs related to bringing this Motion; and (3) continuing the deadline to dismiss the case until Plaintiffs obtain a new certificate of title. See ECF No. 22-1 at 14.

## DISCUSSION

It is "well established that the trial court has power

to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co., 22 F.3d 954, 957 (9th Cir. 1994); see also Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). Federal courts apply state contract law principles to determine whether to enforce a settlement agreement. O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004); see also Boskoff v. Yano, 217 F. Supp. 2d 1077, 1085 (D. Haw. 2001) (applying Hawaii contract law in determining whether to enforce a settlement agreement).

Here, there is no dispute that there is a complete, enforceable settlement agreement between the parties. Plaintiffs contend that Deutsche Bank is in breach of the Settlement Agreement by failing to record a limited warranty deed within five business days of execution of the written Settlement Agreement. There is no dispute that the Settlement Agreement requires Deutsche Bank to record a limited warranty deed within five business days from the date the Settlement Agreement is executed and no dispute that Deutsche Bank failed to provide a recordable deed within five business days of execution of the Settlement Agreement. As noted above, the Settlement Agreement contains an express provision stating that time is of the essence. Deutsche Bank did not provide a limited warranty deed to Plaintiffs until August 14, 2014, twenty-seven days after execution of the Settlement Agreement, and even then the limited

warranty deed was not recordable because no power of attorney for Ocwen was provided.  As of the date of the hearing on this Motion, Deutsche Bank still had not provided a recordable limited warranty deed.  Plaintiffs have sufficiently demonstrated that Deutsche Bank breached the Settlement Agreement.  See Velez v. The Bank of N.Y. Mellon, Civil No. 10-00468 JMS/KSC, 2011 WL 572523, at *3 (D. Haw. Feb. 15, 2011) (explaining elements of breach of contract claim under Hawaii law); Sharpe v. FDIC, 126 F.3d 1147, 1153 (9th Cir. 1997) ("failure to perform the express terms of the settlement agreement is a breach").  The Court next addresses the three forms of relief requested by Plaintiffs in the present Motion.

First, upon breach of a settlement agreement, the court may award damages or order specific performance as appropriate. See TNT Marketing, Inc. v. Agresti, 796 F.2d 276, 278 (9th Cir. 1986) (citing Village of Kaktovik v. Watt, 689 F.2d 222, 230 (D.C. Cir. 1982)).  Plaintiffs asks this Court to order Deutsche Bank to record a limited warranty deed with the Land Court transferring title of the subject property to Plaintiffs by a date certain.  Deutsche Bank argues that an order requiring it to comply with the Settlement Agreement is unnecessary because it has been diligently attempting to do so and is making every effort to fulfil its obligations.  ECF No. 27 at 3.  Based on the inexplicable delays caused by Deutsche Bank in resolving this litigation over the past several months, the Court is unpersuaded

by Deutsche Bank's arguments and finds that an order directing specific performance of the Settlement Agreement is required. The Court RECOMMENDS that district court GRANT Plaintiff's request and order Deutsche Bank to pay the required conveyance tax, provide a yellow-paper conveyance tax certificate with original signatures, provide the appropriate powers of attorney, and record a valid limited warranty deed in the Land Court transferring title of the subject property to Plaintiffs no later than five days after the district court takes action on this Findings and Recommendation.

Second, Plaintiffs request an award of attorneys' fees and costs associated with bringing the Motion and with the delay caused by Deutsche Bank's failure to timely comply with the Settlement Agreement. See ECF No. 22-1 at 13. The Settlement Agreement provides that the prevailing party in "any action to enforce or interpret" the Settlement Agreement "shall be entitled" to recover its reasonable attorneys' fees and expenses. ECF No. 32 at 3. The Court is unpersuaded by Deutsche Bank's arguments that fees should not be awarded because Deutsche Bank continues to make efforts to comply with the Settlement Agreement. See ECF No. 27 at 13-14. The attorneys' fees provision of the Settlement Agreement unambiguously provides that the prevailing party is entitled to its fees. The Court RECOMMENDS that district court GRANT Plaintiff's request to AWARD Plaintiffs attorneys' fees and expenses incurred in making the

7

present Motion to enforce the Settlement Agreement.  In order for the Court to determine the amount of fees and expenses to be awarded, Plaintiffs shall file a declaration regarding the expenses incurred in making the present Motion no later than October 3, 2014, containing sufficient information for the Court to determine the reasonableness of the work completed and the hourly rates requested.  Deutsche Bank may file a response to the declaration no later than October 9, 2014.  Thereafter, the Court will issue a supplement to this Findings and Recommendation regarding the amount of the fees and expenses incurred.

Third, the parties agree that the deadline for the parties to submit the appropriate dismissal document should be continued.  See ECF No. 22-1 at 14; ECF No. 27 at 3.  The deadline for the parties to submit the appropriate dismissal documents is set for thirty days after the district court takes action on this Findings and Recommendation.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiffs Brian Victor Berry and Donna Darlene Berry's Motion to Enforce Settlement Agreement be GRANTED as follows:

1. The Court RECOMMENDS that the district court ORDER Deutsche Bank to pay the required conveyance tax, provide a yellow-paper conveyance tax certificate with original signatures, provide the appropriate powers of attorney, and record a valid

limited warranty deed in the Land Court transferring title of the subject property to Plaintiffs no later than five days after the district court takes action on this Findings and Recommendation.

2. The Court RECOMMENDS that district court GRANT Plaintiff's request to AWARD Plaintiffs attorneys' fees and expenses incurred in making the present Motion to enforce the Settlement Agreement.

3. Plaintiffs shall file a declaration regarding the expenses incurred in making the present Motion no later than October 3, 2014. Deutsche Bank may file a response to the declaration no later than October 9, 2014. Thereafter, the Court will issue a supplement to this Findings and Recommendation.

4. The deadline for the parties to submit the appropriate dismissal documents is thirty days after the district court takes action on this Findings and Recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 3, 2014.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**BERRY, ET AL. V. DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL., CIVIL NO. 13-00704 LEK-RLP; AMENDED FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS BRIAN VICTOR BERRY AND DONNA DARLENE BERRY'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**