IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN VICTOR BERRY and DONNA DARLENE BERRY,<br><br>      Plaintiffs,<br><br>  vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL.,<br><br>      Defendants. | CIVIL NO. 13-00704 LEK-RLP<br><br>SUPPLEMENT TO THE AMENDED FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS BRIAN VICTOR BERRY AND DONNA DARLENE BERRY'S MOTION TO ENFORCE SETTLEMENT AGREEMENT |

SUPPLEMENT TO THE AMENDED FINDINGS AND RECOMMENDATION
TO GRANT PLAINTIFFS BRIAN VICTOR BERRY AND DONNA
DARLENE BERRY'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

On October 3, 2014, the Court issued its Amended Findings and Recommendation to Grant Plaintiffs Brian Victor Berry and Donna Darlene Berry's Motion to Enforce Settlement Agreement ("F&R").  See ECF No. 36.  In the F&R, the Court recommended that district court grant Plaintiffs' request for an award of attorneys' fees and expenses incurred in making the Motion to Enforce the Settlement Agreement.  Id.  The Court directed Plaintiffs to file a declaration regarding the expenses incurred in making the Motion to Enforce the Settlement Agreement, which is currently before the Court.  ECF No. 37. Defendant Deutsche Bank filed a response to the declaration on October 9, 2014.  ECF No. 38.  Plaintiffs filed a Reply on October 13, 2014.  ECF No. 39.

DISCUSSION

Plaintiffs request $15,289.75 in expenses, including

attorneys' fees and costs.  Decl. of Dana R. Lyons ("Lyons Decl."), ECF No. 37-1, ¶ 15.  The Settlement Agreement provides that the prevailing party in "any action to enforce or interpret" the Settlement Agreement "shall be entitled" to recover its "reasonable attorneys' fees and other expenses incurred."  ECF No. 32 at 3.  Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The attorneys' fees and taxes requested are summarized below:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---:|---:|---:|
| Ted N. Pettit, Esq. | 7.0 | $400 | $2,800.00 |
| Dana R. Lyons, Esq. | 47.7 | $245 | $11,686.50 |
| Stephanie J. Yoder, paralegal | 0.5 | $155 | $77.50 |
| Hawaii General Excise Tax | | 4.71% | $685.96 |
| TOTAL | | | $15,249.96 |

See Lyons Decl., ECF No. 37-1, ¶ 12.

First, in determining the reasonableness of an hourly rate, courts consider the experience, skill, and reputation of the attorneys requesting the fees.  See Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.  Plaintiffs request $400 per hour for Mr. Pettit who has been practicing for approximately 28 years, and $245 per hour for Mr. Lyons who has been practicing for approximately 8 years.  See ECF

No. 37-4, Ex. C to Lyons Decl.; ECF No. 39 at 9.  Plaintiffs do not provide any information regarding Ms. Yoder's education or experience.  Based on this Court's knowledge of the community's prevailing rates, the nature of the litigation, and counsel's submissions, the Court finds that the requested hourly rates are excessive and finds that the following hourly rates are reasonable:  $325 for Mr. Pettit, $190 for Mr. Lyons, and $85 for Ms. Yoder.

Second, the Court must determine if the fees requested are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees which are excessive, duplicative, or unnecessary.  See id. at 637 (citing INVST Fin. Grp. v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  The Court has reviewed the time entries provided by Plaintiffs' counsel and Deutsche Bank's objections and finds that the time requested was reasonably incurred in enforcing the Settlement Agreement.  The Court recommends that the district court award attorneys' fees as follows:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---:|---:|---:|
| Ted N. Pettit, Esq. | 7.0 | $325 | $2,275.00 |
| Dana R. Lyons, Esq. | 47.7 | $190 | $9,063.00 |
| Stephanie J. Yoder, paralegal | 0.5 | $85 | $42.50 |
| Hawaii General Excise Tax | | 4.71% | $536.25 |
| TOTAL | | | $11,916.75 |

Additionally, Plaintiffs request copying costs of $39.79, which the Court finds reasonable.

CONCLUSION

In accordance with the foregoing, the Court supplements its Amended Findings and Recommendation to Grant Plaintiffs Brian Victor Berry and Donna Darlene Berry's Motion to Enforce Settlement Agreement to recommend that the district court award Plaintiffs $11,956.54 in attorneys' fees and expenses.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 16, 2014.

_____
Richard L. Puglisi
United States Magistrate Judge

**BERRY, ET AL. V. DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL., CIVIL NO. 13-00704 LEK-RLP; SUPPLEMENT TO THE AMENDED FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS BRIAN VICTOR BERRY AND DONNA DARLENE BERRY'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**