IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN VICTOR BERRY and DONNA DARLENE BERRY,<br><br>      Plaintiffs,<br><br>  vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, ETC., ET AL.,<br><br>      Defendants. | CIVIL 13-00704 LEK-RLP |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S OBJECTION TO THE SUPPLEMENT TO THE AMENDED FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS BRIAN VICTOR BERRY AND DONNA DARLENE BERRY'S MOTION TO ENFORCE SETTLEMENT AGREEMENT; ADOPTING THE AMENDED FINDINGS AND RECOMMENDATION; AND ADOPTING THE SUPPLEMENT TO THE AMENDED FINDINGS AND RECOMMENDATION, AS MODIFIED**

On October 3, 2014, the magistrate judge filed his Amended Findings and Recommendation to Grant Plaintiffs Brian Victor Berry and Donna Darlene Berry's Motion to Enforce Settlement Agreement ("Amended F&R").[1] [Dkt. no. 36.] On October 16, 2014, the magistrate judge issued a supplement to the Amended F&R ("Supplemental F&R"). [Dkt. no. 41.] Defendant Deutsche Bank National Trust Company, a national banking association ("Defendant"), filed its objections to the Supplemental F&R ("Objections") on October 30, 2014. [Dkt. no. 42.] Plaintiffs Brian Victor Berry and Donna Darlene Berry

---

[1] The magistrate judge filed the original version of the F&R on September 26, 2014 ("F&R"). [Dkt. no. 35.] He filed the Amended F&R to correct a typographical error.

("Plaintiffs") filed their response to the Objections ("Response") on November 13, 2014. [Dkt. no. 43.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Objections, the Response, and the relevant legal authority, and for the reasons set forth below, the Objections are HEREBY GRANTED IN PART AND DENIED IN PART, the Amended F&R is HEREBY ADOPTED, and the Supplemental F&R is HEREBY ADOPTED, AS MODIFIED.

## BACKGROUND

Plaintiffs filed this action on December 19, 2013. The factual background in this case is set forth in the Amended F&R. [Amended F&R at 2-4.[2]] This Court will only discuss the events that are relevant to the Objections.

On September 3, 2014, Plaintiffs filed their Motion to Enforce Settlement Agreement ("Motion to Enforce"). [Dkt. no. 22.] This Court referred the Motion to Enforce to the magistrate judge. The magistrate judge held a hearing on the Motion to Enforce on September 26, 2014, [dkt. no. 34 (Minutes),] and issued the F&R later that day.

---

[2] Neither Plaintiffs nor Defendant filed an objection to the Amended F&R. Defendant has only objected to the Supplemental F&R. See Objections at 2.

2

The magistrate judge recommended that this Court grant the Motion to Enforce and award Plaintiffs their attorneys' fees and expenses incurred in bringing the Motion to Enforce. [Amended F&R at 8-9.] The magistrate judge directed Plaintiffs to file a declaration regarding the amount of their expenses and gave Defendant leave to file an optional response. [Id. at 9.]

Plaintiffs filed their Supplemental Memorandum in Support of Request for Award of Attorneys' Fees and Costs ("Fee Memorandum") on October 3, 2014. [Dkt. no. 37.] Plaintiffs request an award of $15,249.96 in attorneys' fees and $39.79 in expenses, for a total award of $15,289.75. [Fee Memorandum at 1.] Defendant filed its opposition to the Fee Memorandum ("Fee Opposition") on October 9, 2014, and Plaintiffs filed their reply ("Fee Reply") on October 13, 2014. [Dkt. nos. 38, 39.]

In the Supplemental F&R, the magistrate judge summarized the fee request as follows:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Ted N. Pettit, Esq. | 7.0 | $400 | $ 2,800.00 |
| Dana R. Lyons, Esq. | 47.7 | $245 | $11,686.50 |
| Stephanie J. Yoder, paralegal | 0.5 | $155 | $    77.50 |
| Hawaii General Excise Tax | | 4.71% | $   685.96 |
| TOTAL | | | $15,249.96 |

[Supplemental F&R at 2 (citation omitted).] The magistrate judge found that "the following hourly rates are reasonable: $325 for Mr. Pettit, $190 for Mr. Lyons, and $85 for Ms. Yoder," and that all of "the time requested was reasonably incurred in enforcing the Settlement Agreement." [Id. at 3.]

3

The magistrate judge therefore recommended the following award of attorneys' fees:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Ted N. Pettit, Esq. | 7.0 | $325 | $ 2,275.00 |
| Dana R. Lyons, Esq. | 47.7 | $190 | $ 9,063.00 |
| Stephanie J. Yoder, paralegal | 0.5 | $85 | $ 42.50 |
| Hawaii General Excise Tax | | 4.71%[3] | $ 536.25 |
| TOTAL | | | $11,916.75 |

[Id.] He also found that Plaintiffs' request for $39.79 in copying costs was reasonable. [Id. at 4.] Thus, he recommended an award of attorneys' fees of $11,916.75 and an award of expenses of $39.79, for a total award of $11,956.54. [Id.]

In the instant Objections, Defendant states that it does not object to the recommended hourly rates, but it argues that the number of hours reflected in the recommended award is unreasonable. [Objections at 2.]

**STANDARD**

This Court reviews a magistrate judge's findings and recommendations under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review

---

[3] Although the magistrate judge's table includes 4.71% in general excise tax, it appears that he used the 4.712% rate. The omission of the "2" may have been a typographical error.

the magistrate judge's findings and
recommendations de novo if objection is made, but
not otherwise.").

Under a de novo standard, this Court reviews
"the matter anew, the same as if it had not been
heard before, and as if no decision previously had
been rendered." Freeman v. DirecTV, Inc., 457
F.3d 1001, 1004 (9th Cir. 2006); United States v.
Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The
district court need not hold a de novo hearing;
however, it is the court's obligation to arrive at
its own independent conclusion about those
portions of the magistrate judge's findings or
recommendation to which a party objects. United
States v. Remsing, 874 F.2d 614, 616 (9th Cir.
1989).

PJY Enters., LLC v. Kaneshiro, Civil No. 12-00577 LEK-KSC, 2014 WL 3778554, at *2 (D. Hawai`i July 31, 2014) (alteration in PJY) (some citations omitted).

## DISCUSSION

### I. Uncontested Findings and Recommendations

As noted, *supra*, neither Plaintiffs nor Defendants filed a timely objection to the Amended F&R. This Court therefore ADOPTS the Amended F&R.

In the Objections, Defendant does not contest either the magistrate judge's findings regarding the reasonable hourly rates for Plaintiffs' counsel or the finding that the requested copying costs are reasonable. This Court also notes that Plaintiffs did not file a timely objection to the magistrate judge's reduction in counsel's hourly rates. This Court therefore ADOPTS the magistrate judge's findings regarding the

reasonable hourly rates and the finding that the request for copying costs was reasonable.

## II. **Determination of Attorneys' Fee Award**

This Court agrees with the magistrate judge that: "Reasonable attorneys' fees are generally based on the traditional 'lodestar' calculation, which multiplies 'the number of hours reasonably expended on the litigation' by 'a reasonable hourly rate.'" [Supplemental F&R at 2 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).] This Court also agrees that, in determining the number of hours reasonably expended,

> the Court must determine if the fees requested
> are reasonably necessary to achieve the results
> obtained. See Tirona v. State Farm Mut. Auto.
> Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993)
> (citations omitted). A court must guard against
> awarding fees which are excessive, duplicative, or
> unnecessary. See id. at 637 (citing INVST Fin.
> Grp. v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th
> Cir. 1987)).

[Id. at 3.]

In the Objections, Defendant argues that the requested hours should be reduced because "Plaintiffs' counsel: (1) billed excessive and unnecessary time preparing legal briefs and motions; (2) billed for clerical tasks in violation of the Local Rules; and (3) failed to adequately describe activities in their billing entries." [Objections at 4.]

A.  **Insufficient Descriptions**

This Court will first address Defendant's argument that Plaintiffs' counsel failed to provide sufficient description of the work performed.  Local Rule 54.3(d)(2) states:

> The party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated.  In describing such services, counsel should be sensitive to matters giving rise to attorney-client privilege and attorney work product doctrine, but must nevertheless furnish an adequate non-privileged description of the services in question.  If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly.  For example, time entries for telephone conferences must include an identification of all participants and the reason for the call; **entries for legal research must include an identification of the specific issue researched and, if possible, should identify the pleading or document for which the research was necessary**; entries describing the preparation of pleadings and other papers must include an identification of the pleading or other document prepared and the activities associated with such preparation.

(Emphasis added.)

Defendant argues that Plaintiffs' counsel failed to identify the pleadings associated with many of the time entries for legal research, and therefore "any fees for this research should be disallowed because it is difficult to discern whether it is related to the Motion to Enforce Settlement."  [Objections at 9.]  Plaintiffs' Fee Memorandum, however, also contains a declaration of counsel which confirms that the 55.2 hours

7

reflected in the Fee Memorandum are for "tasks performed related to the Motion [to Enforce]."  [Fee Mem., Decl. of Dana R. Lyons ("Lyons Decl.") at ¶¶ 5, 15, 15.a.]

Reviewing Plaintiffs' Fee Memorandum as a whole, this Court finds that Plaintiffs adequately described "the services rendered, so that the reasonableness of the requested fees can be evaluated."  See Local Rule LR54.3(d)(2).  This Court therefore DENIES Defendant's Objections as to the sufficiency of the task descriptions.

**B. Clerical Tasks**

Defendant next argues that Plaintiffs' counsel improperly included time spent on clerical tasks in the request for attorneys' fees.  This district court has stated:

> Clerical or ministerial tasks are not compensable because such tasks are part of an attorney's overhead and are reflected in the charged hourly rate.  HRPT Props. Trust v. Lingle, 775 F. Supp. 2d 1225, 1241 (D. Haw. 2011).  Examples of clerical work include: filing court documents or confirming that court documents have been filed; organizing and maintaining files and binders for intra-office use; delivering or transmitting documents; preparing memoranda for office files; bates stamping or other labeling of documents; organizing documents for production; coordinating service of documents; and formatting or printing documents; reviewing court-generated notices; notifying clients of court hearings; communications with court staff; scheduling; and corresponding regarding deadlines.  See id.; Ko Olina Dev., LLC v. Centex Homes, Civ. No. 09-00272 DAE-LEK, 2011 WL 1235548, at *12 (D. Haw. Mar. 29, 2011).

Pasion v. Cnty. of Kauai, No. CV 13-00676 ACK-RLP, 2014 WL

1764920, at *4 (D. Hawai`i Apr. 29, 2014).

Mr. Lyons's 0.3-hour entry on September 2, 2014 regarding a telephone conference between the magistrate judge's courtroom manager and Defendant's counsel, and Mr. Pettit's 0.2-hour entry on September 2, 2014 regarding emails to the "court clerk, [Lyons Decl., Exh. A at 2-3 (capitalization omitted),] are "communications with court staff" and are therefore non-compensable clerical work.  This Court finds that these hours should be deducted from their time.

In addition, Mr. Lyons's 0.5-hour entry on September 18, 2014 includes "retrieve important cases and statutes," and his 1.5-hour entry on September 25, 2014 includes "retrieve and analyze title and conveyance documents."  [Id. at 7 (capitalization omitted).]  The mere retrieval of documents is a non-compensable clerical task, but these entries also included other tasks that were compensable.  This Court will therefore deduct 0.5 hours from Mr. Lyons's time to account for the retrieval of documents.

Defendants also object to: Mr. Lyons's time reviewing and preparing exhibits attached to filings related to the Motion to Enforce; Mr. Lyons's time reviewing a minute order granting Plaintiffs' motion to file the Settlement Agreement under seal; and Mr. Pettit's time instructing his secretary about the filing of the reply in support of the Motion to Enforce.  [Objections at

8.]  This Court rejects these arguments because: the process of selecting which exhibits to attach to a court filing is more than merely "formatting or printing documents," as Defendant contends; see id.; reasonable time reviewing a court order granting a motion is compensable, and the 0.1 hours that Mr. Lyons spent reviewing the minute order was reasonable; and reasonable time instructing his secretary about the filing of the reply was appropriate in this case because it was filed contemporaneously with a document filed under seal; see dkt. nos. 30, 32.

Defendant's Objections regarding improper billing of clerical tasks are therefore GRANTED IN PART AND DENIED IN PART. This Court GRANTS the Objections insofar as it will reduce Mr. Pettit's time by 0.2 hours and Mr. Lyons's time by 0.8 hours.

### C. **Excessive Time**

Defendant's final argument is that the amount of time Plaintiffs' counsel spent on various stages of the Motion to Enforce was excessive.  [Objections at 5-7.]  This Court has reviewed Plaintiffs' hours - after the reductions for non-compensable clerical tasks - and finds that they are within the range of amounts of time considered reasonably necessary to perform the necessary legal tasks in this case.  This Court also notes that, based on the magistrate judge's description of the events relevant to the Motion to Enforce, Defendant's own actions contributed to the complexity of this matter.

This Court therefore DENIES Defendant's Objections as to the claim of excessive hours expended.

**D. <u>Summary</u>**

Defendants Objections are GRANTED IN PART AND DENIED IN PART.  This Court MODIFIES the Supplemental F&R insofar as this Court AWARDS Plaintiffs their reasonable attorneys' fees as follows:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Ted N. Pettit, Esq. | 6.8 | $325 | $ 2,210.00 |
| Dana R. Lyons, Esq. | 46.9 | $190 | $ 8,911.00 |
| Stephanie J. Yoder, paralegal | 0.5 | $85 | <u>$     42.50</u> |
| | | Subtotal | $11,163.50 |
| | | 4.71% tax | <u>$    526.02</u> |
| | | **TOTAL** | **$11,689.52** |

This Court ADOPTS the Supplemental F&R in all other respects.

## <u>CONCLUSION</u>

On the basis of the foregoing, Defendant's objections to the magistrate judge's October 16, 2014 Supplement to the Amended Findings and Recommendation to Grant Plaintiffs Brian Victor Berry and Donna Darlene Berry's Motion to Enforce Settlement Agreement, which Defendant filed on October 30, 2014, are HEREBY GRANTED IN PART AND DENIED IN PART.  The magistrate judge's Amended Findings and Recommendation to Grant Plaintiffs Brian Victor Berry and Donna Darlene Berry's Motion to Enforce Settlement Agreement, filed October 3, 2014, is HEREBY ADOPTED, and the Supplemental to the Amended Findings and Recommendation to Grant Plaintiffs Brian Victor Berry and Donna Darlene Berry's

Motion to Enforce Settlement Agreement, filed October 16, 2014, is HEREBY ADOPTED AS MODIFIED.

Plaintiffs' Motion to Enforce Settlement Agreement, filed September 3, 2014, is therefore GRANTED as follows:

1. The Court ORDERS Defendant to pay the required conveyance tax, provide a yellow-paper conveyance tax certificate with original signatures, provide the appropriate powers of attorney, and record a valid limited warranty deed in the Land Court transferring title of the subject property to Plaintiffs no later than five days after the filing of this Order.

2. Plaintiffs' request for attorneys' fees and expenses incurred in bringing the Motion to Enforce is GRANTED, and this Court awards Plaintiffs $11,689.52 in attorneys' fees and $39.79 in expenses, for a total award of $11,729.31. This Court ORDERS Defendant to pay $11,729.31 to Plaintiffs, through Plaintiffs' counsel, by **January 8, 2015**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 24, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**BRIAN VICTOR BERRY, ET AL. VS. DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL; CIVIL 13-00704 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S OBJECTIONS TO THE SUPPLEMENT TO THE AMENDED FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS BRIAN VICTOR BERRY AND DONNA DARLENE BERRY'S MOTION TO ENFORCE SETTLEMENT AGREEMENT; ADOPTING THE AMENDED FINDINGS AND RECOMMENDATION; AND ADOPTING THE SUPPLEMENT TO THE AMENDED FINDINGS AND RECOMMENDATION, AS MODIFIED**